IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JIANYI ZHANG,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:25-cv-00258-JRR |
| **U.S. FOOD AND DRUG ADMINISTRATION,** | |
| *Defendant.* | |

## MEMORANDUM OPINION

Pending before the court is Defendant's Motion to Dismiss. (ECF No. 11, the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion will be granted.

**I.    BACKGROUND[1]**

*Pro se* Plaintiff Jianyi Zhang is a licensed physician and resident of Maryland. (ECF No. 1 at p. 9.) Plaintiff seeks "public interest relief" against Defendant the U.S. Food and Drug Administration ("FDA") "on behalf of millions of individuals who suffer from Alzheimer's disease and related neurological disorders." *Id.* Plaintiff previously submitted a citizen petition to the FDA urging the agency to create a regulatory pathway for Potential Therapeutic Drugs ("PTDs") that would permit their conditional availability, subject to stringent post-market surveillance, for the treatment of Alzheimer's disease. *Id.* at p. 2. The FDA denied Plaintiff's petition, explaining that "no scientific data supports the efficacy of PTDs." *Id.* at p. 7.

Plaintiff acknowledges the FDA's approval process for such treatments "requires substantial evidence of a drug's safety and efficacy before being marketed." (ECF No. 1 at p.

---

[1] For purposes of resolving the Motion to Dismiss, the court accepts as true all well-pled facts set forth in the complaint, which Plaintiff titles as a "Petition for Public Interest Relief." (ECF No. 1; the "Complaint.") *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

10.) He contends that although PTDs failed to show efficacy in Phase III clinical trials required for FDA approval, the treatments are safe, and may prove effective in treating Alzheimer's disease in combination with other therapies. *Id.* Plaintiff asserts that the FDA's actions, or lack thereof, with regard to approval of PTDs "disproportionately harm[s] vulnerable populations, including elderly patients with Alzheimer's disease[.]" *Id.* He ultimately seeks "to compel the FDA to modify its regulatory approval framework to permit the conditional availability of" PTDs. *Id.* at p. 9.

Plaintiff challenged these same actions in his previously-filed amended complaint in Case No. 23-1188-SAG, which the court dismissed for lack of Article III standing. *See Zhang v. U.S. FDA*, No. CV SAG-23-1188, 2024 WL 4443188 (D. Md. Oct. 8, 2024). Plaintiff initiated this action against Defendant FDA on January 27, 2025, reasserting his claim "under the public interest exception to standing[.]" (ECF No. 1 at p. 2.) Plaintiff seeks judicial review under the Administrative Procedure Act ("APA"), declaratory relief, "an injunction to prevent the FDA from withholding further action on this matter," and reasonable costs and fees. *Id.* at p. 11. Liberally construing Plaintiff's Complaint, the court finds that Plaintiff asserts claims against Defendant under the Administrative Procedure Act ("APA") 5 U.S.C. § 706, the Due Process Clause of the Fifth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. *Id.* at p. 10.

On April 11, 2025, Defendant filed its Motion. (ECF No. 11.) Plaintiff filed an opposition to the Motion on June 6, 2025, and a supplement to his opposition on June 11, 2025. (ECF Nos. 13, 15.) Defendant filed a reply in support of its Motion on June 18, 2025. (ECF No. 16.)

## II.   LEGAL STANDARDS[2]

### A. Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Id.* A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Id.* (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration")). "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*

Defendant raises a facial challenge to the court's subject matter jurisdiction, asserting that Plaintiff's Complaint fails to allege facts sufficient to establish Article III standing. (ECF No. 11-1 at p. 5.) Rule 12(b)(1) also "governs motions to dismiss for mootness and for lack of standing, which pertain to subject matter jurisdiction." *Stone v. Trump*, 400 F. Supp. 3d 317, 333 (D. Md. 2019). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Since they are not mere

---

[2] In addition to Rule 12(b)(1), the Motion invokes review under Rule 12(b)(6); however, because the court grants the Motion under Rule 12(b)(1) grounds, the court does not set forth the standard applicable when reviewing a motion to dismiss under Rule 12(b)(6).

pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citation omitted).

"When a defendant raises standing as the basis for a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, [the court] 'may consider evidence outside the pleadings without converting the proceedings to one for summary judgment.'" *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991)). Accordingly, the court may consider the exhibits referenced by Defendant in its Motion. (ECF Nos. 11-2, 11-3.)

### III.   ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997

4

F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Defendant asserts two arguments in its Motion: (1) Plaintiff lacks standing, and (2) Plaintiff has not plausibly alleged any claim for relief. (ECF No. 11-1 at pp. 5–9.) The court first addresses Plaintiff's standing.

**A. Standing**

The Constitution extends the judicial power of Article III courts to "cases" or "controversies." U.S. CONST. ART. III, § 2, cl. 1. The doctrine of standing, among others, "implements" this limit. *Carney v. Adams*, 592 U.S. 53, 58 (2020). To establish standing:

> First, the plaintiff must have suffered an injury in fact that is both concrete and particularized and actual or imminent, not conjectural or hypothetical. Second, the plaintiff's injury must be fairly traceable to the challenged action of the defendant, meaning that there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Dep't. of Educ v. Brown*, 600 U.S. 551, 561 (2023) (citations omitted) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* A concrete injury is one that is "'real,' and not 'abstract.'" *Id.* at 340. Plaintiffs "must demonstrate standing 'with the manner and degree of evidence' required at the relevant 'stage[] of the litigation.'" *Fernandez v. RentGrow, Inc.*, 116 F.4th 288, 294 (4th Cir. 2024) (quoting *Lujan*, 504 U.S. at 561).

Defendant argues that this court lacks subject matter jurisdiction because Plaintiff's Complaint fails to "allege any concrete and particularized injury" sufficient to establish Article

5

III standing. (ECF No. 11-1 at p. 5.) Plaintiff acknowledges that his previous case was dismissed because the court found that he had failed to allege an "injury in fact" sufficient to confer standing. (ECF No. 1 at p. 3.) Here, Plaintiff argues that he is not required to show any concrete or particularized injury because "the standing doctrine has become flexible," allowing a public interest exception. *Id.* He asserts that the "public interest exception allows a plaintiff to sue on behalf of the public or an affected group when the case involves a matter of great public significance or a violation of fundamental or constitutional rights." *Id.*

Plaintiff cites several cases for the proposition that "federal courts . . . have permitted suits invoking broad public rights to move forward under the public interest exception." (ECF No. 1 at p. 3.) Defendant counters that the cases Plaintiff relies upon do not, in fact, support his position. (ECF No. 11-1 at p. 7.) The court agrees with Defendant. There is no freestanding "public interest exception" to standing requirements.

In the first case cited by Plaintiff, *Massachusetts v. EPA*, the Supreme Court held that the petitioners, including the Commonwealth of Massachusetts (the "State"), had standing to challenge the EPA's denial of their rulemaking petition regarding the regulation of greenhouse gas emissions. 549 U.S. 497, 526 (2007). Importantly, the Court noted that it was "of considerable relevance that the party seeking review [was] a sovereign State and not . . . a private individual." *Id.* at 518. This was because the State had a "stake in protecting its quasi-sovereign interests, [and was] entitled to special solicitude in [the Court's] standing analysis." *Id.* at 520. Plaintiff here, a private physician, is not entitled to such special solicitude.

Moreover, the Supreme Court's holding in *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, also relied upon by Plaintiff, concerned associational standing, where the Court reiterated its rule:

> An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the

>relief requested requires the participation of individual members in the lawsuit.

528 U.S. 167, 181 (2000) (citing *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343 (1977)).  In this case, Plaintiff does not file suit as an organization, nor does he allege that he represents members who have suffered concrete, particularized injuries.

The additional cases cited by Plaintiff are also inapposite.  *See Flast v. Cohen,* 392 U.S. 83, 105–106 (1968) (holding that "a taxpayer will have standing consistent with Article III to invoke federal judicial power when he alleges that congressional action under the taxing and spending clause is" unconstitutional); *Pub. Citizen v. U.S. Dep't of Just.*, 491 U.S. 440, 449 (1989) (finding that agency refusal to permit appellants to scrutinize records to the extent allowed by statute "constitutes a sufficiently distinct injury to provide standing to sue").  Plaintiff here does not assert taxpayer standing under the Taxing and Spending Clause in Article I of the Constitution and he does not allege he was denied access to information to which he is statutorily entitled.

Relevant here, "a plaintiff . . . asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public," cannot establish an "injury in fact."  *Carney*, 592 U.S. at 59; *see also Moss v. Spartanburg Cnty. Sch. Dist. Seven,* 683 F.3d 599, 604–605 (4th Cir. 2012) (finding that "[p]laintiffs may not establish their standing to bring suit merely because they disagree with a government policy . . . or because they share the 'generalized interest of all citizens in constitutional governance[]'") (internal citations omitted).  "[T]o find standing based upon that kind of interest 'would significantly alter the allocation of power at the national level, with a shift away from a democratic form of government.'"  *Id.* (quoting *United States v. Richardson*, 418 U.S. 166, 188 (1974) (concurring opinion)).

As Plaintiff asserts in his Complaint, he "asks for judicia[l] intervention to resolve a matter affecting millions based on the Constitution and the Supreme Court's decision, not on

[his own] situation."³ (ECF No. 1 at p. 4.) Accepting Plaintiff's allegations as true (including all reasonable inferences therefrom), Plaintiff alleges no concrete or imminent injury that affects him "in a personal and individual way." *Spokeo, Inc.*, 578 U.S at 339. As in his previous case before Judge Gallagher, "the universal nature of the potential harm prevents [Plaintiff] from asserting the type of particularized injury the law requires[];" and there is no applicable "public interest exception" that absolves him from plausibly alleging an injury in fact to confer standing. *Zhang v. U.S. FDA*, No. CV SAG-23-1188, 2024 WL 4443188, at *2 (D. Md. Oct. 8, 2024). As noted by Judge Gallagher, "while Zhang should be commended for his public-minded interest in seeking ways to combat a debilitating health condition, the separation of powers as protected by the standing doctrine does not permit this [c]ourt's intervention in his pursuit." *Id.*

Accordingly, having failed to establish Article III standing, Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction.⁴

### IV.   CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 11) shall be granted.

February 18, 2026

/S/
_____
Julie R. Rubin
United States District Judge

---

³ In his Response to the Motion, Plaintiff asserts for the first time that Defendant's categorical ban on PTDs "forces [him] to withhold potentially life-saving therapies from patients facing a terminal illness" and this constitutes a personalized harm sufficient to allege an injury in fact. (ECF No. 13 at p. 7.) As noted by Defendant, however, "[i]t is well-established that parties cannot amend their complaints through briefing[.]" *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Nonetheless, this directly contradicts Plaintiff's express allegation in his Complaint that he does not seek relief with respect to his individual circumstances.

⁴ Given that the Complaint warrants dismissal on the grounds discussed above, the court does not reach Defendant's argument that Plaintiff's Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 11-1 at pp. 8–9.)