IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JIANYI ZHANG,

*Plaintiff*,

v.

Civil No.: 1:25-cv-00258-JRR

U.S. FOOD AND DRUG
ADMINISTRATION,

*Defendant.*

### MEMORANDUM AND ORDER

Pending before the court is Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e).  (ECF No. 23, the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  For the reasons set forth below, the Motion is denied.

### I.    BACKGROUND

On January 27, 2025, Plaintiff Jianyi Zhang, a licensed physician, initiated this action seeking "public interest relief" against Defendant U.S. Food and Drug Administration ("FDA") "on behalf of millions of individuals who suffer from Alzheimer's disease and related neurological disorders."  (ECF No. 1 at p. 9.)  As this court explained in its previous opinion, Plaintiff submitted a citizen petition to the FDA urging the agency to create a regulatory pathway for Potential Therapeutic Drugs ("PTDs") that would permit their conditional availability, subject to stringent post-market surveillance, for the treatment of Alzheimer's disease.  (ECF No. 21 at p. 1; ECF No. 1 at p. 2.)  The FDA denied Plaintiff's petition, explaining that "no scientific data supports the efficacy of PTDs."  (ECF No. 1 at p. 7.)  Plaintiff's Complaint asserted claims against Defendant under the Administrative Procedure Act ("APA") at 5 U.S.C. § 706, the Due Process Clause of the Fifth Amendment, and the Equal

Protection Clause of the Fourteenth Amendment, seeking declaratory and injunctive relief. *Id.* at p. 10–11.

Before instituting this action, Plaintiff had already challenged the same FDA denial in a previously-initiated action in Case No. 23-1188-SAG, which the court dismissed for lack of Article III standing. *Zhang v. U.S. FDA*, No. CV SAG-23-1188, 2024 WL 4443188 (D. Md. Oct. 8, 2024). Plaintiff then initiated this action, reasserting his claims "under the public interest exception to standing." ( ECF No. 1 at p. 2.) Defendant subsequently moved to dismiss Plaintiff's Complaint for lack of Article III standing and failure to state a claim (ECF No. 11); and the court dismissed the action on February 18, 2026, for lack of subject matter jurisdiction based on lack of standing. (ECF Nos. 21, 22.) The court concluded that Plaintiff alleged no concrete or imminent injury that affected him in a personal and individual way, and thus Plaintiff failed to establish Article III standing. (ECF No. 21 at p. 8.) The court also noted that "[t]here is no freestanding 'public interest exception' to standing requirements," as alleged by Plaintiff. *Id.* at p. 6. Plaintiff filed the instant Motion on February 19, 2026. (ECF No. 23.)

## II.   LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 59(e)

"Rule 59(e) authorizes motions 'to alter or amend a judgment,' provided they are filed within 28 days of the judgment." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024). "The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 745 (D. Md. 2022) (citing cases). A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *EEOC v.*

*Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). "[T]he prior judgment cannot be 'just maybe or probably wrong; it must...strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 746 (D. Md. 2022) (quoting *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012)). "In other words, the Court's previous judgment must be 'dead wrong.'" *Id.* (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

"Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A motion under Rule 59(e) is similarly "not authorized to enable a party to complete presenting his case after the court has ruled against him." *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). Indeed, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted).

## III.    ANALYSIS

Plaintiff does not seek reconsideration based on any intervening change in controlling law or to account for new evidence. The Motion is premised solely on Plaintiff's aim to correct what he contends are "clear errors of law in the [c]ourt's application of the standing doctrine and to prevent manifest injustice." (ECF No. 23 at p. 1.) Plaintiff contends that the court failed to address the applicability of the "public interest exception" to the standing doctrine in "cases involving profound public health crises, such as the Alzheimer's disease epidemic." *Id.* Additionally, he asserts the court failed to "engage with the substantive merits of" PTDs. *Id.*

The court is not persuaded to revise its ruling on the arguments presented in the Motion. First, Plaintiff argues that the court committed clear error by narrowly construing the "public

interest exception" to the standing doctrine, which he asserts applies broadly to cases "of great public significance." (ECF No. 23 at p. 2.)  In support of the Motion and his claim of a "public interest exception" to standing, Plaintiff cites the same Supreme Court precedent he cited in his Complaint in support.  (*Id.* at pp. 2–3; ECF No. 1 at pp. 2–4.)  As set forth above, in its previous opinion, the court observed that "[t]here is no freestanding 'public interest exception' to standing requirements."  (ECF No. 21 at p. 6.)  The court also analyzed each case cited by Plaintiff and determined they were inapposite because the facts of each case were materially different from the facts alleged in Plaintiff's Complaint.  *Id.* at pp. 6–7.  The court discerns no legal error on its part.  *See Jackson,* 633 F. Supp. 3d at 745, *supra.*

Second, Plaintiff argues the court's "failure to acknowledge the merits of PTDs," as well as his claims in general, constitute manifest injustice.  (ECF No. 23 at p. 4.)  Importantly, Plaintiff concedes that "standing is a threshold issue."  *Id.*  "Article III gives federal courts jurisdiction only over 'cases and controversies,' and the doctrine of standing identifies disputes appropriate for judicial resolution."  *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 471–76 (1982) (internal citation omitted).  Because the court concluded that Plaintiff lacks Article III standing, the court was unable to address the merits of Plaintiff's claims.  *Davis v. Scott,* 176 F.3d 805, 808 (4th Cir. 1999) (holding that the court could not consider the merits of the plaintiff's underlying claims because he lacked standing).  In sum, the court discerns no manifest injustice from its ruling.  *See Jackson,* 633 F. Supp. 3d at 745, *supra.*

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff fails to demonstrate that relief is warranted under Rule 59(e).  Accordingly, it is this 3rd day of April 2026,

**ORDERED** that Plaintiff's Motion (ECF No. 23) shall be, is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this memorandum and order to Plaintiff.

4

/S/

_____
Julie R. Rubin
United States District Judge